IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHAD LAVALAIS,<br><br>Plaintiff,<br><br>v.<br><br>PEACHSTATE ARCHITECTURAL, LLC, WILLIAM CANNON, and THOMAS CANNON,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>2:12-cv-235-WCO<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Chad Lavalais, by and through his undersigned counsel, hereby brings this action against Defendants Peachstate Architectural, LLC, William Cannon, and Thomas Cannon.

## NATURE OF THE ACTION

1. Plaintiff Chad Lavalais ("Lavalais") brings this action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq., against Defendants Peachstate Architectural, LLC ("Peachstate Architectural"), and its individual corporate officers, William Cannon and Thomas Cannon ("

1

Defendant Corporate Officers") (collectively "Defendants"), alleging that Defendants willfully failed to compensate Plaintiff at time and one-half for all hours worked in excess of forty (40) hours per week.

2. As a result of Defendants' violation of the FLSA, Defendants are liable, jointly and severally, to Plaintiff for all unpaid overtime wages, an equal amount of liquidated damages, and reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Gainesville Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

5. Plaintiff is a former, nonexempt "employee" of Defendants.

6. Defendant Peachstate Architectural at all times relevant qualified as an "employer" as defined by 29 U.S.C. § 203(d).

7. Defendants employed Plaintiff, who handled and otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. For example, in order to perform his work, Plaintiff worked on goods and/or materials such as fabricated Limestone and Cast Stone products, both of which had been moved in and produced in commerce.

9. As another example, throughout Plaintiff's employment, Defendants purchased, received, and used products such as limestone, cast stone, rock, cutting machines, and other materials, all of which originated from outside of Georgia and were used by the Defendants to further their business.

10. Defendants' advertise using an online webpage, where they write: Since 1998, our primary focus has been Indiana Limestone. Over the last ten years, using our proven techniques, we have expanded our product lines to include Texas Limestone and Quality Case Stone.

11. On information and belief, and at all times relevant, Defendant Peachstate Architectural has had an annual gross volume of sales made, or business done, in excess of $500,000.00.

## PARTIES

12. Plaintiff Chad Lavalais is a citizen of Georgia who resides in Troup County, Georgia.

13. Defendant Peachstate Architectural is a Georgia company with its principal office address located at 1069 Nine North Parkway, Cumming, Georgia 30040.

14. At all times relevant, Defendants William and Thomas Cannon together served as Chief Executive Officers, Chief Operating Officers, shareholders, and co-owners of Defendant Peachstate Architectural.

15. Defendant Peachstate Architectural may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Thomas Cannon a/k/a Tommy Cannon, at 1069 Nine North Parkway, Cumming, Georgia 30040.

16. Defendant William Cannon may be served with process personally at his home address, at his office address, or wherever he may be found. Alternatively, Defendant William Cannon may be served with process by leaving a copy of the Summons and Complaint with someone of suitable age and discretion residing at his home address.

17. Defendant Thomas Cannon may be served with process personally at his home address, at his office address, or wherever he may be found. Alternatively, Defendant Thomas Cannon may be served with process by leaving a

copy of the Summons and Complaint with someone of suitable age and discretion residing at his home address.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANT CORPORATE OFFICERS WILLIAM AND THOMAS CANNON WERE EMPLOYERS UNDER THE FLSA

18. At all times relevant, Defendant Corporate Officers qualified as "employers" under 29 U.S.C. § 203(d).

19. At all times relevant, Defendant Corporate Officers held, and continue to hold, a significant ownership interest in Peachstate Architectural, which has been, and continues to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

20. At all times relevant, Defendant Corporate Officers acted directly and indirectly in the interest of Peachstate Architectural in relation to Plaintiff Lavalais.

21. At all times relevant, Defendant Corporate Officers exercised day-to-day control over the affairs of Peachstate Architectural, including: approving promotions and raises; hiring and discharging employees; and establishing other terms and conditions of employment.

22. At all times relevant, Defendant Corporate Officers had a significant involvement in the supervision and payment of Plaintiff Lavalais.

23. Defendant Corporate Officers directly and indirectly controlled, determined, and directed the day-to-day operations of Peachstate Architectural.

24. Upon information and belief, Defendant Corporate Officers divided and assigned work assignments, and oversaw scheduling and compensation.

25. Upon information and belief, Defendant Corporate Officers had the ultimate power to make binding policy decisions for Peachstate Architectural.

## FACTUAL ALLEGATIONS

26. Plaintiff Lavalais was employed by Defendants from October 1999 through approximately May 2011, as a stone cutter.

27. Defendant Peachstate Architectural is an enterprise primarily engaged in providing fabricated Lime and Cast Stone for new home and business constructions as well as the remodeling industry.

28. Generally, Plaintiff Lavalais worked Monday through Saturday a shift that began at 8:00 a.m. and concluded approximately ten (10) to fifteen (15) hours later.

29. At all times relevant, Plaintiff was paid an hourly rate of $15.00, which meant his effective overtime rate should have been $22.50.

30. Throughout Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per week.

31. At all times relevant, Defendants failed to compensate Plaintiff for hours worked in excess of forty (40) per workweek at one and one-half the regular rate.

32. Throughout Plaintiff's employment, Defendants systematically undercompensated Plaintiff for the number of hours actually worked.

33. Upon information and belief, Defendants created an environment that discouraged Plaintiff from reporting any hours or part hours worked in excess of forty (40) hours per workweek.

34. Plaintiff was required to be compensated at a rate of one and one half times his hourly rate for each hour worked in excess of forty (40) hours in any given pay period.

## WILLFUL FAILURE TO PAY OVERTIME

35. Paragraphs 1 through 34 are incorporated by reference.

36. Defendants had an unwritten policy whereby hours worked in excess of forty (40) per workweek would not be compensated at one and one-half the regular rate.

37. Defendants suffered and/or permitted Plaintiff to work off the clock, but refused to pay him for those hours worked in excess of 40 hours per workweek at one and one-half the regular rate.

7

38. Plaintiff regularly worked in excess of forty (40) hours per week while employed with Defendants.

39. By virtue of Defendants' policy, they at no time paid Plaintiff overtime pursuant to the FLSA's overtime provision.

40. Defendants are liable to Plaintiff for any and all time worked in excess of forty (40) hours per workweek.

41. Defendants knew or should have known that the FLSA applied to Plaintiff.

42. Defendants' violations of the FLSA overtime provision, 29 U.S.C. § 207(a), were willful because Defendants: (1) failed to maintain accurate time records; (2) failed to compensate Plaintiff for all time worked; (3) led Plaintiff to believe that Defendants' employment practices conformed with the FLSA and the laws of the State of Georgia; and (4) discouraged Plaintiff from reporting time worked in excess of forty (40) hours.

43. Defendants are jointly and severely liable to Plaintiff for his damages under the FLSA.

44. Plaintiff seeks damages in the amount of Plaintiff's unpaid overtime wages, liquidated damages as provided under the FLSA, and any other legal and equitable relief the Court deems proper.

45. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, jointly and severally, and as provided by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lavalais respectfully prays that:

a. the Court enter judgment in favor of Plaintiff;

b. the Court enter judgment against Defendants that their violations of the FLSA were willful;

c. the Court award Plaintiff for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, as provided for under the FLSA;

d. the Court issue an order holding Defendants jointly and severally liable to Plaintiff;

e. the Court award Plaintiff liquidated damages in an amount equal to the amount of their unpaid overtime wages, as required by the FLSA;

f. the Court determine all triable issues at trial; and

g. the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Lavalais demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:   October 04, 2012

**MAYS & KERR LLC**
229 Peachtree Street NW
International Tower | Suite 980
Atlanta, GA 30303
Telephone:  (404) 410-7998
Facsimile:  (877) 813-1845
Attorneys for Plaintiff

/s/ Viraj Parmar
Viraj Parmar
Ga. Bar No. 996884
viraj@maysandkerr.com

Jeff Kerr
Ga. Bar No. 634260
Jeff@maysandkerr.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**THIS** 4th day of October, 2012

/s/ Viraj Parmar
Viraj Parmar
Ga. Bar No. 996884